UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONALD FIEGEL and NANCY FIEGEL,

    Plaintiffs,

v.                                       Case No:  6:18-cv-933-Orl-18TBS

ERIC WOOTEN and COLENNA
KONKLE,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is pro se Defendants Eric Wooten and Colenna Konkle's Motion for Leave to Proceed in Forma Pauperis (Doc. 4). There are multiple problems with this case. Here, I focus solely on the Court's lack of jurisdiction, and respectfully recommend that the case be **REMANDED** for lack of jurisdiction.

### Background

On May 9, 2018, Plaintiffs Donald and Nancy Fiegel filed a complaint in county court to evict Defendants and for damages for nonpayment of rent (Doc. 1-2 at 1). Plaintiffs amended their complaint on May 11, 2018 (Doc. 1-2 at 26; Doc. 2). On May 18, 2018, Defendants filed a pro se answer in county court (Doc. 1-2 at 43; Doc. 3). They sought dismissal based on a defective 3 day notice and asked the court to "set a hearing to determine rent as rent was swapped for work at premises." (Id.). On June 15, 2018, Defendants filed a Notice of Removal here (Doc. 1), removing this landlord-tenant dispute to this Court. Defendants seek to proceed as paupers (Doc. 4).

### Discussion

Federal court removal is governed by 28 U.S.C. § 1441(a), which states in part that

"[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

Procedurally, removal is governed by Title 28 U.S.C. § 1446, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 which provides:

> 1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

> 3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.§ 1446 (b)(3).

Removal statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). See also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."). The removing party has the burden of proving that federal jurisdiction exists by a

preponderance of the evidence and the removing party must present facts establishing its right to remove. <u>Williams v. Best Buy Company, Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. <u>Williams</u>, 269 F.3d at 1321.

Defendants assert that this Court has federal question jurisdiction under 28 U.S.C. § 1441, due to "Federal Fair Housing," and diversity jurisdiction under § 1332(a), "as Plaintiff and Defendants live in different States." Neither claim has merit.

According to Defendants, federal question jurisdiction is present because "Plaintiff[s] knowing[ly] leased a house with violation in the Fair housing act after being notified of the houses deficienc[ies]in a counter claim during a[n] eviction suit in 2018-2018." (Doc. 1 at 1). Assuming the truth of this statement, it does not establish federal question jurisdiction for purposes of removal, as removal jurisdiction is determined "based on the plaintiff's pleadings at the time of removal." <u>Crowe v. Coleman,</u> 113 F.3d 1536, 1538 (11th Cir.1997). "[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 10-11 (1983) (emphasis original). As the Eleventh Circuit has explained:

> **A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint**. See <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 11, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983). This is known as the "well-pleaded complaint" rule, because it directs our focus to the terms of the complaint as the plaintiff chooses to frame it. **If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court**. 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3566 (1984).

> Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid. See, Franchise Tax Board, 463 U.S. at 25-28, 103 S.Ct. at 2854-56 (holding that e.g., ERISA preemption defense, without more, does not create removal jurisdiction).

Kemp v. Int'l Bus. Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997) (emphasis added). No federal question appears on the face of Plaintiffs' county court complaints.

This dispute is also not within the Court's diversity jurisdiction. Although Defendants alleges that Plaintiffs and Defendants "live in different states," residency is not the test – citizenship is. Moreover, there is no showing that the required amount in controversy has been satisfied. The case was filed in county court. The jurisdiction of county courts in Florida extends to evictions and civil disputes involving $15,000 or less. See FLA. STAT. §§ 34.01; 34.011.

Simply put, there is no basis for removal of this case to this Court. Defendants' purported removal is frivolous as a matter of law.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that Defendants' *in forma pauperis* motion be denied for lack of jurisdiction, and that this case be remanded for improvident removal.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 21, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties